UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL COLLINS IHEME,

        Petitioner,

v.

COMMISSIONER MINNESOTA PUBLIC
HEALTH DEPARTMENT, MINNESOTA
DEPARTMENT OF HUMAN SERVICE, and
GUARDIAN AD LATEM,

        Respondents.

Civil No. 12-3122 (DWF/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.  BACKGROUND**

Petitioner has been convicted of second degree intentional murder in a Minnesota state district court (for killing his estranged wife), and he has been sentenced to 367 months in prison. See State v. Iheme, No. A09-1225, (Minn.App. 2010), 2010 WL 2265667 (unpublished opinion) at *2, rev. denied, Aug. 10, 2010. He is presently serving

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

his state prison sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

Petitioner is not presently challenging the legality of his state court criminal conviction, or the duration of his prison term. Instead, Petitioner is attempting to challenge a Minnesota state court judgment that terminated his parental rights with respect to his two minor children. The judgment terminating Petitioner's parental rights was affirmed by the Minnesota Court of Appeals in 2010. In re Welfare of Children of A.I., 779 N.W.2d 886 (Minn.App. 2010), rev. dismissed, Apr. 20, 2010. Several documents pertaining to the state court termination-of-parental-rights proceedings are attached to Petitioner's current habeas corpus petition.

Petitioner now wants our federal district court to review and overturn the state court judgment that terminated his parental rights. He has described the relief he is seeking in this case as follows: "Return his children to their natural family and closest blood relatives and Petitioner's parental rights restored." (Petition, p. 15.) Such relief, however, is not available in a federal habeas corpus action.

## II. DISCUSSION

Habeas corpus is a remedy that is available when a prisoner is directly challenging the fact or duration of his confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). The remedy provided by the federal habeas corpus statutes cannot be used for other purposes. As the Eighth Circuit Court of Appeals has clearly explained –

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ

<u>of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."</u>

<u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996) (<u>per curiam</u>) (emphasis added).

In this case, Petitioner is not challenging the legality of any state criminal conviction or sentence, and he is not challenging the fact or duration of his current confinement. He is only challenging a state court judgment affecting his parental rights. That judgment, however, is not reviewable in a federal habeas corpus proceeding. The federal habeas corpus statutes do not provide a remedy for the claims that Petitioner is attempting to bring in his current habeas corpus petition.[2]

---

[2] The Court has considered whether Petitioner's current habeas corpus petition could somehow be treated as a non-habeas civil complaint, and whether Petitioner's current claims for relief could then be entertained in this case. However, even if Petitioner had presented his claims in civil complaint, rather than a habeas corpus petition, his claims still could not be entertained in federal court. Petitioner is plainly asking our federal district court to review and overturn a state court judgment. It is well settled, however, that any such relief is barred by the <u>Rooker-Feldman</u> doctrine, which was established by the Supreme Court's decisions in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

The "<u>Rooker-Feldman</u> doctrine" holds that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." <u>Lemonds v. St. Louis County</u>, 222 F.3d 488, 492-93 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1183 (2001). "The basis for the <u>Rooker/ Feldman</u> doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and <u>by statute they are precluded from serving as appellate courts to review state court judgments</u>, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." <u>Dornheim v. Sholes</u>, 430 F.3d 919, 923 (8th Cir. 2005), <u>cert</u>. <u>denied</u>, 547 U.S. 1135 (2006) (emphasis added). <u>Rooker-Feldman</u> bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Industries Corporation</u>, 544 U.S. 280, 284 (2005), <u>See</u> <u>also</u> <u>Robins v. Ritchie</u>, 631 F.3d 919, 925 (8th Cir. 2011) ("'[t]he basic theory of the <u>Rooker–Feldman</u> doctrine is that only the United

3

Because Petitioner has not presented any claim that can properly be entertained in a federal habeas corpus proceeding, the Court will recommend that this case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts. The Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 3), be summarily denied, because he has failed to present an actionable habeas corpus claim. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger, 77 F.3d at 1074, n. 3 (IFP application should be denied where habeas petition cannot be entertained).

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide this case any differently than

---

States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment'") (quoting Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 754 (8th Cir. 2010)). Thus, even if Petitioner's current pleading could be treated as a civil complaint, (rather than a habeas corpus petition), this action still would have to be summarily dismissed, because the relief Petitioner is seeking in this case is barred by the Rooker-Feldman doctrine.

4

this Court has recommended here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 3), be **DENIED**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: December 18, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 3, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.